IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRENDA ANN DIGNAN,**

    **Plaintiff,**

vs.                                          **Civil Action No. 2:04 CV 78**
                                                                 **(Maxwell)**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## ORDER

It will be recalled that, by Order entered February 28, 2005 (Docket No. 12), the Court referred the cross-motions for summary judgment filed in the above-styled Social Security action to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72 of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local Rules of Civil Procedure, with directions to consider the same and to submit to the Court proposed findings of fact and a recommendation for disposition.

It will further be recalled that, on January 6, 2006, Magistrate Judge Seibert filed his Report And Recommendation (Docket No. 14) wherein the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation. Magistrate Judge Seibert's Report And Recommendation expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that the Plaintiff's Objection To Magistrate Judge Seibert's Report And Recommendation was filed with the Court on January 23, 2006. Thereafter, on January 30, 2006, the Defendant's Response To Plaintiff's Objections To The Report And Recommendation Of The Magistrate Judge was filed on January 30, 2006.

Upon consideration of the Plaintiff's Objection To Magistrate Judge Seibert's Report And Recommendation, it appears to the Court that the Plaintiff has not raised any issues that were not thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation. The Court agrees with the Defendant, however, that the Plaintiff has attempted to present new arguments. In this regard, the Plaintiff claims that her condition has "gotten worse" and that she has not been released to work by her physician; that her case should be remanded to consider the side effects of her medications; and that the additional documents provided by her in her Objection support a finding that she meets or equals the requirements of section 1.00 of the listed impairments. Finally, the Plaintiff attaches a document which indicates that she is appointing "William H. Dignan" as her representative. The Court has carefully considered all of the documents provided by the Plaintiff in support for her new arguments and agrees with the Defendant that none of these new arguments have any merit.

With regard to the Plaintiff's claim that her condition has "gotten worse", the Defendant is correct that this fact is not relevant to these proceeding as the only question properly before this Court is whether the Plaintiff was disabled from February 16, 2001 (Plaintiff's alleged onset date of disability), through July 24, 2003 (the date of the Administrative Law Judge's decision). See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999). As further noted by the Defendant, none of the documents submitted by the Plaintiff in support of her claim that her condition has "gotten worse" meet the

requirements for a sentence six remand as set forth in Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985), since each of these three documents was issued at least seventeen months after the Administrative Law Judge's July 24, 2003, decision.

With regard to the Plaintiff's claim that her case should be remanded to consider the side effects of her medications, the Court agrees with the Defendant that this claim is without merit in light of the fact that the Administrative Law Judge considered all of the Plaintiff's medical records and testimony, including the alleged side effects of her medication, in formulating his decision.

With regard to the Plaintiff's claim that the additional documents submitted by her with her Objection support a finding that she meets or equals the requirements of section 1.00 of the listed impairments, the Court would again note that these additional documents do not relate to the relevant time period. Furthermore, the Court agrees with the Defendant's assertion that, even if these documents did relate to the relevant time period, they would not have changed the Administrative Law Judge's analysis since there is still no evidence that the Plaintiff has any nerve root compression as required under section 1.04A of the listed impairments.

Finally, the Court agrees with the Defendant that the Form SSA-1696 wherein the Plaintiff appoints "William H. Dignan" as her representative is not relevant to the proceedings before this Court since this Form is dated May 14, 2005, a date almost twenty-two months after the Administrative Law Judge's July 24, 2003, decision.

The Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action.

Therefore, it is

**ORDERED** that Magistrate Judge Seibert's Report And Recommendation (Docket

No. 14) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

1. The Defendant's Motion For Summary Judgment (Docket No. 10) is **GRANTED**;

2. The Legal Argument Of Federal Plaintiff (Docket No. 9) is **DENIED;**

3. The above-styled civil action is **DISMISSED** and **RETIRED** from the docket of this Court.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter a separate Judgment Order affirming the decision of the Defendant.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** April 2, 2007

_United States District Judge_